HERGIST v. STAUTBERG. (No. 6961.)

(Court of Civil Appeals of Texas. Galveston. June 16, 1915.)

BILLS AND NOTES ☞523—ACTIONS—EVIDENCE—SUFFICIENCY.

In trespass to try title where defendant asserted title by virtue of an assignment to him of notes reserving a vendor's lien, evidence *held* insufficient to show that the notes had ever been transferred to defendant.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1822–1825; Dec. Dig. ☞523.]

Appeal from District Court, Harris County; John A. Read, Judge.

Action by Frank H. Stautberg, Jr., against W. H. Hergist. From a judgment for plaintiff, defendant appeals. Affirmed.

N. C. Abbott, of Houston, for appellant.

LANE, J. This suit was originally instituted by Frank H. Stautberg, Jr., against T. H. McGregor, I. D. Eagan, A. B. Carr, Travis Jones, and W. H. Hergist, in the ordinary form of trespass to try title to certain lots in the city of Houston. By his second petition he dismisses his suit against defendants T. H. McGregor and I. D. Eagan, and continued his suit against the other defendants only. Defendant Hergist answered: First, by general denial and plea of not guilty; second, that prior to the 26th day of October, 1896, Frank Stautberg, Sr., was the owner of the property sued for, and that on said date he entered into an agreement in writing with defendant Frank Stautberg, Sr., by the terms of which it was agreed that, in consideration of $5 cash paid by said Jones to

said Stautberg, and the execution and delivery by said Jones of 45 promissory notes each for the sum of $5 to said Stautberg, the said Stautberg was to execute and deliver to said Jones a deed of conveyance by which he was to convey to said Jones said property involved in this suit; that said cash was so paid and said notes were executed and delivered, and that on the 26th day of May, 1897, said Stautberg did so convey said property to said Jones; that a vendor's lien was retained by said Stautberg in said notes and deed to secure the payment of all of said notes; that all of said series of notes from Nos. 12 to 45, 34 in number, were transferred to appellant, W. H. Hergist, by the agent of Stautberg in about the year 1900; that all of said notes became due and were wholly unpaid, and that thereafter, to wit, on the 19th day of December, 1901, Hergist brought suit upon said notes in the district court of Harris county, and in said suit judgment was rendered in his favor for $260.12, the aggregate sum due on said notes, and for a foreclosure of his lien upon the property in question; that said judgment and lien has been kept alive by the issuance of executions or orders of sale, and the same are still a valid subsisting judgment and lien; that appellant is the owner of said judgment and lien; and concludes with a prayer: (a) For title to the property; (b) that the court ascertain what amount is still due him on his said judgment; (c) that his lien be established and preserved; and (d) that if it be found by the court that he has no title to the land under his former judgment, the same be ordered sold under a decree entered in this cause, and the proceeds be first applied to the payment of his said former judgment. Appellee by supplemental petition denied each and all the material defensive matters pleaded by appellant, and further averred that on January 23, 1897, Frank Stautberg, Sr., sold the lots in question to defendant Jones; that in part payment therefor Jones executed and delivered the 34 notes claimed by appellant to have been transferred to him; that said notes were never paid by Jones to Stautberg, Sr., and that Stautberg, Sr., has never transferred the same to any one; that said Jones never went into possession of said lots, but abandoned the same; that said lots stood vacant and unfenced until March 13, 1906, at which time Stautberg, Sr., rescinded the sale made by him to Jones and conveyed the property in question to Frank Stautberg, Jr., appellee in this case; that Frank Stautberg, Jr., took possession of said property in 1906 and erected a fence around the same; and that he then became the owner of said property and is now such owner. As the other parties to this suit have not appealed from the judgment entered, it is unnecessary, for the proper disposition of them, to state the nature of their pleas.

Upon the issues joined between appellant and appellee as above stated, the case was submitted to the jury upon special issues, only two of which need be here stated for a disposition of the matters presented to this court. These two issues were as follows:

"Did or did not the defendant, William H. Hergist, purchase the unpaid purchase money notes executed by Travis Jones substantially as alleged in his answer?"

"Did or did not Frank Stautberg, Sr., authorize J. M. Coleman to dispose of the Travis Jones notes for him?"

Both of these questions were answered by the jury in the negative. Thereupon judgment was entered for the appellee, Frank Stautberg, Jr.

By appellant's third assignment in his brief he thus states the issue, and the only issue, for the consideration of this court:

"The only question presented in this case is whether the verdict is supported by the evidence."

Being conceded that this is the only issue, we shall confine this opinion to that issue alone. It being conceded that the notes claimed by appellant to have been transferred to him were originally the property of Frank Stautberg, Sr., it becomes necessary, if appellant is to recover in any manner in this suit, for him to show that said Stautberg, Sr., had, in person or by agent, transferred said notes to him. These issues were clearly submitted to the jury and, upon evidence which we think would support the findings of the jury, the jury found that Frank Stautberg, Sr., had never in person nor through J. M. Coleman transferred the notes in question to appellant, Hergist, and that said Hergist never purchased said notes nor ever became the owner thereof. Frank Stautberg, Sr., testified positively that he did not in person transfer said notes to Hergist or to any one else, except one Brown, for the purpose of securing him as a bondsman, which transfer has been released; nor did he authorize J. M. Coleman to transfer said notes to any one as his agent, and we think that there were other facts and circumstances shown by the evidence which would authorize and warrant the jury in its finding that the title to said notes has never passed from Frank Stautberg, Sr., to appellant Hergist.

Therefore, we find that the judgment of the court is amply sustained by the evidence, and overrule appellant's assignment of error, and the judgment of the court below is in all things affirmed.

Affirmed.